UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 22-CV-07925 (FB) (RER)

———————————

THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, AN
AGENCY OF THE UNITED STATES OF AMERICA

VERSUS

KINGS COUNTY PUBLIC ADMINISTRATOR, AS ADMINISTRATOR OF THE ESTATE OF
DOLORES SARTORI, DECEASED, ET AL.

———————————

REPORT & RECOMMENDATION

September 13, 2023

———————————

TO THE HONORABLE FREDERIC BLOCK
UNITED STATES SENIOR DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff The Secretary of the United States Department of Housing and Urban Development ("Plaintiff" or "HUD") seeks default judgment of foreclosure and sale against Kings County Public Administrator, as Administrator of the Estate of Dolores Sartori (Deceased) (the "Administrator"), New York State Department of Taxation and Finance, New York City Environmental Control Board, Department of Social Services of the City of New York, and Camella L. Johnson ("Johnson") (collectively, "Defendants"). (ECF No. 23 ("Motion")).[1] Your

---

[1] Plaintiff has requested dismissal of additional John and Jane Doe defendants, given that it has determined that "there are no additional tenants occupying the [mortgaged] premises." (ECF No. 23-2 ("Mem.") ¶ 55). The Court therefore recommends that the John Doe #1-5 and Jane Doe #1-5 be dismissed from this action, and considers the remainder of the Motion only as it relates to the above-defined Defendants. *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Nassau Cnty. Pub. Admin. as Admin. of the Est. of Ella Mae Key a/k/a Mae Key, Deceased*, No. 19-CV-03547 (DLI) (SJB), 2023 WL 2421676, at *7 (E.D.N.Y. Feb. 9, 2023) (dismissing John and Jane Doe defendants as no longer necessary);

1

Honor referred Plaintiff's Motion to me for a report and recommendation. (Order dated 3/13/2023). For the reasons set forth herein, I respectfully recommend that: (1) the Court grant Plaintiff's Motion for Default Judgment; (2) the Court order the foreclosure and sale of the mortgaged premises; (3) the Court appoint the proposed referee to conduct the sale at a fee of $750 from the proceeds of the sale; (4) Plaintiff be awarded the balance sought of $917,033.01 from the proceeds of the sale; (5) Plaintiff be awarded $1,133.36 in costs; (6) Plaintiff be awarded post-judgment interest in the amount to be calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961; and (7) Defendants "John Doe #1-5" and "Jane Doe #1-5" be dismissed from this action.

## BACKGROUND

This action involves a Home Equity Conversion Mortgage ("HECM"), also known as a reverse mortgage on 1578 East 34th Street, Brooklyn, NY 11234. (ECF No. 3 ("Compl.") ¶¶ 3, 10). On or about December 8, 2010, Dolores Sartori ("Sartori") executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as a nominee for Generation Mortgage Company, a fixed rate note (the "Note") and a reverse mortgage in the amount of $825,000 (the "Mortgage"). (*Id.* ¶ 8; ECF No. 3-2 at 2–4 ("Note"), 5–18 ("Mortgage")).[2] On January 22, 2016, MERS assigned the Note and Mortgage to HUD. (ECF No. 23-8 ("Assignment") at 1; Compl. ¶ 14).

The Note provides that HUD "may require immediate payment in full of all outstanding principal and accrued interested, if … [(i) a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower…" (Note ¶ 6(a); Compl. ¶ 17). The "Borrower,"

---

*see also Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Rhodie as Co-Tr. of Lornice Rhodie Revocable Living Tr.*, No. 21-CV-3165 (KAM), 2022 WL 3213048, at *1 n.3 (E.D.N.Y. Aug. 9, 2022) (same).

[2] Sartori simultaneously executed and delivered a second note and collateral mortgage to HUD as additional security for the reverse mortgage that is the subject of this action. (Compl. ¶ 11).

2

Sartori, died on May 16, 2017. (Compl. ¶ 18; *see also* ECF No. 3-1). HUD believes that the mortgaged premises has since been occupied by a tenant, Johnson. (Compl. ¶ 20). Pursuant to provisions of Sections 1304 and 1306 of the New York Real Property Action and Proceedings Law ("RPAPL"), on August 2, 2022, Plaintiff mailed a 90-day notice to Johnson advising her of the reverse mortgage on the property.[3] (N.Y. RPAPL §§ 1304, 1306; ECF No. 3-5; *id.* ¶ 38).

Due to Sartori's death, and because the mortgaged premises is not occupied by any surviving borrower, on December 28, 2023, HUD commenced this action seeking foreclosure of the mortgaged premises and payment of all outstanding amounts due on the Note by foreclosure sale. (Compl. ¶ 22). Plaintiff named as defendants (i) the Administrator (*id.* ¶ 30); (ii) Johnson (*id.* ¶ 34); (iii) several possible subordinate lienors, including New York State Department of Taxation and Finance, the New York City Environmental Control Board, and the Department of Social Services of the City of New York (*id.* ¶¶ 31–33); and (iv) the John and Jane Doe defendants previously discussed (*id.* ¶ 35). Plaintiff properly served the Summons and Complaint on Defendants. (ECF Nos. 7–11). On February 7, 2023, after Defendants' time to answer expired, Plaintiff requested Certificates of Default from the Clerk of Court. (ECF Nos. 12–16). Following the Clerk's entries of default (ECF Nos. 17–20, 22), on March 13, 2023, HUD moved for default

---

[3] Plaintiff asserts that it is exempt from complying with the 90-day notice provisions of RPAPL "because the mortgaged premises is not the principal residence of the borrower or the surviving borrower." (Compl. ¶ 37). Plaintiff need not establish compliance with § 1304 where a defendant has defaulted. *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Robedee*, No. 22-CV-00809 (FB) (JMW), 2022 WL 18284844, at *4 (E.D.N.Y. Dec. 5, 2022), *adopted by* 2022 WL 17850116 (Dec. 22, 2022) (citing *Rhodie*, 2022 WL 3213048, at *2). In any event, courts in New York have held that "[t]he notice requirements … do not apply if the borrower died before the commencement of the action." *Windward Bora LLC v. Valencia*, No. 19-CV-4147 (NGG) (RER), 2022 WL 872506, at *2 (E.D.N.Y. Mar. 24, 2022) (citing *N.Y. Cmty. Bank v. Jennings*, 2015 WL 5062168, at *5 (Sup. Ct. Queens Cnty. 2015) (noting that the notice requirements of RPAPL § 1304 are inapplicable when the borrowers are deceased) (collecting cases); *see also Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *4 ("The 90-day notice requirements of RPAPL § 1304 are inapplicable to [the deceased], … because upon her death she was not a "borrower" under the loan instrument."). Here, Sartori was the only individual named as a "borrower" on the Note (Note ¶ 1), and she died before the commencement of this action (Compl. ¶ 25). Therefore, even if Defendants had not defaulted, Plaintiff would not have been required to serve § 1304 notices.

judgment. (Motion). Plaintiff properly mailed the Motion and all accompanying motion papers to Defendants on the same day. (ECF No. 23-16). Your Honor referred the Motion to me to hold an inquest or hearing to determine both liability and damages, and then issue a report and recommendation. (Order dated 3/13/2023). To date, Defendants have not appeared, answered, or otherwise responded to the Complaint or to the Motion for Default Judgment.

## **DISCUSSION**

I. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure requires a "two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, the clerk must enter party's default after an affidavit shows that the alleged defaulting party has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, the plaintiff must request a default judgment. Fed. R. Civ. P. 55(b). In granting a default judgment, the court must accept the plaintiff's well-pleaded allegations as true. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). The court then determines whether the factual allegations, taken as true, constitute a valid cause of action. *City of N.Y. v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 137 (2d Cir. 2011) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61 (2d Cir. 1981)).

The Clerk of Court entered default on February 17 and March 10, 2023 (ECF Nos. 17–20, 22), and Plaintiff subsequently moved for default judgment (Motion). In addition to properly serving the Summons and Complaint on Defendants, Plaintiff complied with Local Civil Rule 55.2(c) by mailing copies of all motion papers to Defendants and filing proof of such mailing in the form of an attorney affidavit. (ECF No. 23-16; *see* Loc. Civ. R. 55.2(c)). Plaintiff likewise complied with Local Civil Rule 55.2(b) by appending to its Motion for Default Judgment (i) the Clerk's Certificates of Default (ECF No. 23-13); (ii) a copy of the Complaint (ECF No. 23-14);

4

and (iii) a proposed form of default judgment (ECF No. 23-3 ("Proposed J.")). *See* Loc. Civ. R. 55.2(b). Despite Plaintiff completing the "necessary steps to obtain a default judgment," Defendants have not appeared. *Rhodie*, 2022 WL 3213048, at *2. Accordingly, the Court considers whether Plaintiff has established liability.

II.  Liability

Plaintiff seeks default judgment on its foreclosure and sale claim against Defendants. "To foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment of the loan." *Robedee*, 2022 WL 18284844, at *4 (citing *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656 (NGG) (CLP), 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015), *adopted by* 2015 WL 5706953 (Sept. 28, 2015)). "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap*, No. 11-CV-4822 (DRH) (WDW), 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), *adopted by* 2014 WL 1383139 (Apr. 8, 2014).

Plaintiff has established its prima facie entitlement to judgment. Plaintiff has shown that (1) a mortgage exists (Note; Mortgage; Mem. ¶¶ 13–14; Compl. ¶¶ 8–9); and that (2) the mortgage was assigned to Plaintiff (Assignment at 1; Mem. ¶¶ 19–21; Compl. ¶ 14). Plaintiff has also established that (3) default occurred following the death of the sole borrower, Sartori. (Compl. ¶ 17; Note ¶ 6(a); *see also* ECF No. 23-5 at 1). Finally, neither the Administrator, nor Johnson or the remaining Defendants, have appeared to contest Plaintiff's right to foreclose. Therefore, Plaintiff is entitled to foreclosure. *See Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *4 (recommending default judgment where HUD presented "unrebutted" prima facie case) (citing

5

*Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Toscano*, No. 20-CV-5998 (DRH) (ARL), 2021 WL 6424600, at *3 (E.D.N.Y. Dec. 20, 2021) (same), *adopted by* 2022 WL 103678 (Jan. 11, 2022)).

Plaintiff also names as Defendants several possible subordinate lienors. "RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *Toscano*, 2021 WL 6424600, at *3 (quoting N.Y. RPAPL § 1311(3)). "Courts in this district have found that entry of default judgment is appropriate where the complaint alleges 'nominal liability – i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Id.* (quoting *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quotations omitted)). "When default judgment is entered against a defendant with nominal interest in a property, that defendant's interest in the property is extinguished." *Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2019 WL 4014842, at *6 (E.D.N.Y. May 28, 2019), *adopted by* 2021 WL 2548971 (June 22, 2021).

Despite proper service of the Summons, Complaint, and Motion, each of the subordinate lienors here have defaulted, and "thereby do not contest that their interests are subordinate to that of HUD." *Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *4. Therefore, I recommend that the Court enter default judgment against the subordinate lienors and find that any interest they may possess is extinguished. *See id.* (citing *Valencia*, 2022 WL 872506, at *4 (recommending default judgment against non-mortgagor defendants where the complaint alleged that the parties had liens subordinate to the plaintiff's); *Toscano*, 2021 WL 6424600, at *3 (same); *CIT Bank, N.A. v. Valerio*, No. 16-CV-6644, 2018 WL 4268913, at *8 (E.D.N.Y. Aug. 15, 2018) (same), *adopted by* 2018 WL 4265869 (Sept. 5, 2018)).

6

III.   Damages

"Once liability is established on a motion for default judgment, the court must ascertain damages with 'reasonable certainty.'" *Valencia*, 2022 WL 872506, at *5 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). To do so, a plaintiff must show with evidence "that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibit Group, Inc.*, 973 F.2d at 158–59. The court may rely on various types of evidence when determining appropriate damages, including "detailed affidavits," "documentary evidence," and the court's "personal knowledge of the facts, derived from presiding at trial." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). However, default judgment damages must be limited to the amount and type sought in the pleadings. *Miguel v. Mi Bella Puebla Corp.*, No. 16-CV-1593 (SJ) (RER), 2017 WL 4838820, at *2 (E.D.N.Y. Sept. 6, 2017) (citing Fed. R. Civ. P. 54(c)) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."), *adopted by* 2017 WL 4838761 (Oct. 24, 2017). "Where the damages are susceptible to simple mathematical calculation and the plaintiff provides 'a sufficient basis from which to evaluate the fairness' of the requested damages, no evidentiary hearing is necessary." *Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.*, No. 15 Civ. 4410 (VM), 2018 WL 1596192, at *5 (S.D.N.Y. Mar. 28, 2018) (quoting *Am. Jewish Comm. v. Berman*, No. 15 Civ. 5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016), *adopted by* 2016 WL 4532201 (Aug. 29, 2016)).

Plaintiff has adequately evidenced the damages owed to it under the Note and Mortgage as of March 2, 2023, which are comprised of: (i) $442,004.95 in principal, (ii) $379,482.43 in accrued interest, and (iii) $95,545.63 in mortgage insurance premium. (ECF No. 23-1 ("Anderson Aff.") ¶ 29). Plaintiff has provided the sworn affidavit of Chief Counsel at HUD, Mikel Anderson, which describes the sums owed pursuant to the Note and Mortgage, and as prescribed by the HECM

7

program as set forth in 24 C.F.R. 206.207 and other relevant directives. (*See, e.g., id.*). Given Defendants' default, there are no objections to these calculations. The Court therefore finds that Plaintiff has demonstrated entitlement to default judgment in the amount of $917,033.01. *See Robedee*, 2022 WL 18284844, at *6 ("Upon reviewing the record, the Court finds no evidentiary hearing is necessary and that Plaintiff has carried its burden of establishing damages.") (citing *Toscano*, 2021 WL 6424600, at *3 (finding no hearing necessary where affidavit of Chief of Counsel of HUD supported the figures requested)).

Plaintiff further requests $1,133.36 for costs and disbursements. (Proposed J. at 2). In support of its request, Plaintiff provided a bill of costs describing amounts spent on title searches and service of process. (ECF No. 23-4 ("Bill of Costs")). "A plaintiff in a foreclosure action may recover … costs against a borrower-defendant if the note or mortgage provides for such an award." *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91 (FB) (RLM), 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), *adopted by* 2022 WL 2390989 (July 1, 2022); *see also Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *6; *Robedee*, 2022 WL 18284844, at *6. Here, the Note includes a "Payment of Costs and Expenses" provision, stating that "the debt enforced through the sale of the Property may include costs and expenses … associated with enforcement of this Note the extent not prohibited by applicable law." (Note ¶ 6(C)). The Mortgage similarly authorizes Plaintiff to "collect all expenses incurred in pursuing" foreclosure. (Mortgage ¶ 20). The Court finds that the requested costs are reasonable and recommends awarding Plaintiff the total amount of $1,133.36. *See Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *6 (finding costs of $5,612.69 to be reasonable); *Robedee*, 2022 WL 18284844, at *6 (finding costs of $1,337.61 to be reasonable).

8

Finally, Plaintiff requests that the mortgaged premises be sold as one parcel and that a referee be appointed for that purpose. (Proposed J. at 2). Plaintiff requests that the Court appoint attorney Frank Pellegrini to conduct the foreclosure sale for a fee of $750, to be subtracted from the proceeds of the sale. (*Id.* at 3). "Courts in this Circuit have permitted such appointments where the plaintiff 'established a prima facie case by presenting a note, a mortgage, and proof of default.'" *Miss Jones LLC v. Brown*, No. 17-CV-989 (NGG) (VMS), 2020 U.S. Dist. LEXIS 148140, at *20 (E.D.N.Y. Aug. 14, 2020), *adopted by* 2020 U.S. Dist. LEXIS 16633 (Sept. 8, 2020) (quoting *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878 (ADS) (WDW), 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014)). Plaintiff has provided these documents, and therefore a referee should be appointed. In addition, Courts in this District have routinely found a referee fee of $750 to be reasonable. *See Nassau Cnty. Pub. Admin.*, 2023 WL 2421676, at *6. Accordingly, the Court recommends appointment of Frank Pellegrini as referee, to be paid a fee of $750 from the proceeds of the sale. *See Robedee*, 2022 WL 18284844, at *6 (recommending appointment of referee and approval of $750 fee); *Valencia*, 2022 WL 872506, at *4 (same); *Rhodie*, 2022 WL 3213048, at *5 (ordering same).

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that: (1) the Court grant Plaintiff's Motion for Default Judgment; (2) the Court order the foreclosure and sale of the mortgaged premises; (3) the Court appoint the proposed referee to conduct the sale at a fee of $750 from the proceeds of the sale; (4) Plaintiff be awarded the balance sought of $917,033.01 from the proceeds of the sale; (5) Plaintiff be awarded $1,133.36 in costs; (6) Plaintiff be awarded post-judgment interest in the amount to be calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961; and (7) Defendants "John Doe #1-5" and "Jane Doe #1-5" be dismissed from this action. Any

9

objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Frederic Block within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.09.13 10:55:52 -04'00'

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: September 13, 2023
       Brooklyn, NY